### DAVIDSON and another *v.* WHEELOCK and others.[1]

(*Circuit Court, D. Minnesota.* May 26, 1866.)

COPYRIGHT — STATE STATUTES — RIGHT OF COMPILER — LEGISLATIVE POWER OF STATE.

> While a compilation of the statutes of a state may be so original as to entitle the author to a copyright on account of the skill and judgment displayed in the combination and analysis, he cannot obtain a copyright for the publication of the laws alone, nor can the legislature of the state confer any such exclusive privilege upon him.

In Equity. Motion for provisional injunction.
*Allis & Williams*, for complainants.
*Bigelow & Clark*, for defendants.

NELSON, J. Complainants file their bill of complaint and ask for an injunction to restrain the defendants from publishing and exposing for sale and selling two books, the one entitled "General Statutes of the State of Minnesota, prepared by the Commissioners appointed to revise the Statutes of the State by Act of the Legislature passed February 17, 1863," and the other entitled "Appendix to Report of the Commissioners of Revision, embracing the Amendments to the same adopted by the Legislature." The arguments urged by counsel for an injunction embrace no facts not fully set forth in the bill of complaint, and the truth of the matters contained in the affidavit read by counsel for the defendants in opposition to the motion seem to be admitted. The whole question depends upon the construction to be given to the acts of the legislature of the state of Minnesota approved March 1, 1866, providing for the printing, binding, editing, and publishing the General Statutes of said state. One of these acts provides for the letting to the lowest bidder of the contract to print and bind the statutes, specifying the kind of type and paper to be used, and embracing all the details necessary to secure a faithful performance on the part of the contractor; and, as an inducement for securing a low rate per copy

---

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

The opinion of Judge NELSON, referred to by Judge BREWER, in *Banks* v. *West Pub. Co., ante*, 50, is here reported for the first time.

for printing and binding, the fourth section provides that the copyright of said General Statutes shall be awarded to the person or firm offering to furnish the said General Statutes required by the act at the lowest price per copy. The other act appoints a commissioner to edit and superintend the printing and publication of the General Statutes of the state, and provides for the manner in which he shall prepare and furnish the manuscript for the printer and publisher, requiring him to furnish head and marginal notes and references to decisions of the supreme court of the state, affecting any of the sections of the statutes, and to prepare an exact and copious index to the whole. When published, he shall append his certificate that the same are correct transcripts of the laws on file in the office of the secretary of state.

The complainants, it appears, were the successful bidders, and the copyright of the General Statutes was awarded them.

Now, what is the exclusive right which the complainants are entitled to under the acts of the legislature of the state of Minnesota above referred to? Clearly, to print, publish, and sell the General Statutes of the state of Minnesota, as edited and prepared by the commissioner named by the legislature, containing his head and marginal notes, and his references. They obtained no exclusive right to print and publish and sell the laws of the state of Minnesota, or any number of legislative acts. The materials for such publication are open to the world. They are public records, subject to inspection by every one, under such rules and regulations as will secure their preservation. They may be digested or compiled by any one, and it is true such compilation may be so original as to entitle the author to a copyright on account of the skill and judgment displayed in the combination and analysis; but such compiler could obtain no copyright for the publication of the laws only; neither could the legislature confer any such exclusive privilege upon him.

An examination of the book and pamphlet published by the defendants shows that they neither contain, nor purport to, any of the marginal notes or references contemplated by the acts of the legislature, and no materials which would be embraced in the book to be published by complainants under the supervision of the commissioner, with the exception of the laws of the state. In my opinion, therefore, upon the facts set forth in the bill, the complainants are not entitled to a provisional injunction.

Motion denied.